## Appeal of City of Scranton School District.

The constitutionality of the act of March 18, 1875, is too doubtful to allow of granting a preliminary injunction restraining the collection of a full-rate school tax, levied without regard to the classification of property provided by that act.

(Decided November 2, 1885.)

Appeal from a decree of the Court of Common Pleas of Lackawanna County granting a preliminary injunction.    Reversed.

The school district of the city of Scranton levied upon third-

NOTE.—An appeal from the perpetual injunction subsequently granted in this case is reported in Scranton School Dist.'s Appeal, 113 Pa. 176, 6 Atl. 158, in which the first five sections of the act of March 18, 1875 (P. L. 15), are held unconstitutional as local legislation.

class property of the Lackawanna Iron & Coal Company a full-rate tax of 10 mills on the dollar of the adjusted valuation of such property, and proceeded to collect the same. The company resisted the collection, upon the ground that the city came within the provisions of the act of May 23, 1874, entitled "An Act Dividing Cities of This State into Three Classes," etc., as supplemented by the act of March 18, 1875. The act contained the following provision: "In all cities of the third class, all real estate and the improvements thereon shall, for taxable purposes, be classified and arranged in three classes," and "all taxes authorized to be collected in said cities, whether for general or special purposes of such cities of the third class, shall be assessed, levied, and collected as follows: Upon property of the first class a full rate; and upon property of the second class a two-thirds rate; and upon property of the third class a one-half rate."

It prayed an injunction restraining the district from proceeding further with the collection of the tax. The court granted the injunction and entered a rule to show cause why it should not be continued. The district claimed that the act was unconstitutional and that the city was not governed by its provisions.

The court decreed the injunction to be continued; whereupon the district appealed.

*Fred W. Gunster* and *J. Benj. Dimmick* for appellants.

*Edward N. Willard* and *Everett Warren* for appellee.

PER CURIAM:
We think the constitutionality of the act of 18th March, 1875, is too doubtful to permit this preliminary injunction to stand.

Decree reversed and injunction dissolved, at the costs of the appellee.